# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RICHARD E. TRISPEL,**
        **Petitioner,**

    v.                                  **Case No. 08-C-0200**

**WARDEN JUDY P. SMITH,**
        **Respondent.**

## ORDER

On March 7, 2008, Petitioner Richard Trispel filed this petition for habeas corpus pursuant to 28 U.S.C. § 2254. He is currently confined in the Oshkosh Correctional Institution serving concurrent twenty year sentences (with a fifteen-year stayed sentence and ten years probation) for his April 27, 1993 convictions on three counts of first degree sexual assault. Magistrate Judge Aaron Goodstein reviewed the petition according to Rule 4 of the Rules Governing Section 2254 Cases, and recommended its dismissal for untimeliness. Petitioner objects.

Without consent of the parties, a magistrate judge may make only recommendations on dispositive matters. 28 U.S.C. § 636(b)(1)(B) and (c)(1). If a party timely objects to the recommendations, a district court reviews them de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Additionally, the court may review de novo any other aspect of the recommendation as it sees fit. Delgado v. Bowen, 782 F.2d 79, 82 (7th Cir. 1986).

I adopt the recommendation. As Magistrate Judge Goodstein aptly illustrated, the petition is untimely. To file his petition within the applicable statute of limitations, petitioner

had to have filed one year from the date (A) "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . ." or (D) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1). Because the Wisconsin court of appeals affirmed petitioner's conviction July 20, 1994 and the Wisconsin Supreme Court denied review on September 20, 1994, Trispel's conviction was final prior to the enactment of the AEDPA and thus under (A) had one year from the date of its enactment, April 24, 1997, to file a petition. Graham v. Borgen, 483 F.3d 475, 478 (7th Cir. 2007) (citing Araujo v. Chandler, 435 F.3d 678, 680 (7th Cir. 2005)). The date is the same under (D) because all the grounds petitioner raises were clearly known or knowable by April 24, 1997. It is undisputed that petitioner did not file a petition within the proscribed time period.

Furthermore, the court of appeals' holding that his claim is procedurally barred by State v. Escalona-Naranjo, 185 Wis. 2d 168 (1994) represents adequate and independent state grounds for denying Trispel's claim. See Perry v. McCaughtry, 308 F.3d 682, 692 (7th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c) and Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, I deny a certificate of appealability. Petitioner has not made a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2). The question of whether petitioner's case should have been dismissed for procedurally defaulting does not deserve to proceed further, nor do I believe that my dismissal would be debatable among jurists of reason reviewing the record of this case. See Slack v. McDaniel, 529 U.S. 473, 484-85 (U.S. 2000). A plain

procedural bar is present and thus no reasonable jurist could conclude that the district court erred or that the petitioner should be allowed to proceed further. See Id.

For the above reasons,

**IT IS THEREFORE ORDERED** that the recommendation of the Magistrate Judge is adopted and the petition is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

Dated at Milwaukee, Wisconsin this 21 day of December, 2009.

/s_____
LYNN ADELMAN
District Judge